IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MED-SURG GROUP, INC.,

          Plaintiff,

v.                                  CIVIL ACTION NO. 2:11-cv-00636

AETNA HEALTH MANAGEMENT, INC., et al

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's Motion to Remand [Docket 6] and the defendants' Motion to File Surreply in Response to Plaintiff's Reply Brief on Motion for Remand [Docket 14]. For the reasons discussed below, the plaintiff's Motion to Remand is **GRANTED** and the defendants' Motion to File Surreply is **GRANTED**.

**I.    Background**

This case arises out of a contract dispute between Med-Surg Group, Inc. ("Med-Surg") and Aetna Health Management, LLC and Aetna Life Insurance Company (collectively identified as "Aetna"). Aetna and Med-Surg contracted for Med-Surg to provide medical services to Aetna members. Med-Surg alleges that Aetna was required to reimburse Med-Surg at a rate of 128

1

percent of the Medicare reimbursement rate. According to the complaint, "Aetna has repeatedly failed to reimburse Med-Surg at the contractual rate for the services Med-Surg provides." (Compl. at ¶ 15 [Docket 1-2].)

Med-Surg filed its complaint in the Circuit Court of Fayette County, West Virginia, on August 17, 2011, alleging breach of contract, unjust enrichment, and fraud and misrepresentation. Med-Surg brought the action on its own behalf and seeks to certify it as a class action under Rule 23 of the West Virginia Rules of Civil Procedure. The defendants filed a Notice of Removal on September 19, 2011. The plaintiff responded with a Motion to Remand, filed on October 11, 2011. This motion is now ripe.

## II. Motion to Remand

### A. *Standard of Review*

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).

### B. *Analysis*

The defendants assert that Aetna paid Med-Surg $40,882.11 for services performed for Aetna members in the two years prior to the lawsuit. According to the defendants, the plaintiff alleges underpayment of 14 percent, so the amount owed to the plaintiff would be $5,723.50. The defendants argue that a jury could impose punitive damages, and therefore the amount in controversy exceeds $75,000.

Because the plaintiff's complaint does not include an *ad damnum* clause, the defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). The amount in controversy is "what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, --- F. Supp. 2d. ---, 2:11-cv-533, 2011 WL 5966349, at *5 (S.D. W. Va. Nov. 29, 2011). Here, I have no direct evidence of what the plaintiff claims to be entitled to, so I look to the totality of the circumstances to "estimate what a reasonable plaintiff would demand or claim." *Id.* at *6. As the defendants point out, if Aetna under-billed at the rate stated in the complaint, Med-Surg would be entitled to $5,723.50 in actual damages. In addition, punitive damages are generally unavailable in breach of contract actions, "unless the conduct of the defendant constitutes an independent, intentional tort." *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 330 (1986). Med-Surg's complaint alleges fraud and misrepresentation, so it is legally possible to obtain punitive damages. But punitive damages should bear a reasonable relationship to the harm that was likely to occur and the harm that actually occurred. *Crawford v. Snyder*, --- S.E.2d ---, No. 101579, 2011 WL 5842814 (W. Va. Nov. 16, 2011). In this case, approximately $69,300 in punitive damages does not bear a reasonable relationship to the $5,723.50 in actual damages. The complaint does not allege any additional facts that warrant such a high punitive

damages award. Therefore, I **FIND** that the defendants did not prove by a preponderance of the evidence that a reasonable plaintiff in Med-Surg's position would not demand over $75,000.

The defendants' other argument is that the amount in controversy requirement is satisfied because they can prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 for potential unnamed class members. They point to at least five entities that fit within the proposed class definition who would seek to recover in excess of $75,000. In response, the plaintiff contends that the amount in controversy requirement can only be satisfied by at least one *named* plaintiff.

The defendants support their position with two cases from the Southern District of West Virginia. In *Chiartas v. Bavarian Motor Works, AG*, the court examined "whether any potential class member satisfies the jurisdictional minimum." 106 F. Supp. 2d 872, 874 (S.D. W. Va. 2000). The court denied the motion to remand because it found that at least one putative class member satisfied the jurisdictional minimum. *Id.* at 874-75. Similarly, in *Baker v. Purdue Pharma L.P.*, the court stated that "[t]he amount in controversy requirement will be satisfied if at least one member of the class meets the jurisdictional minimum." No. 1:01-cv-553, 2002 WL 34213424, at *9 (S.D. W. Va. Mar. 28, 2002) (citing *Chiartas*, 106 F. Supp. 2d at 875). Other district courts have reached the same result. *See, e.g.*, *Ackers v. Int'l Paper Co.*, No. 11-0216, 2011 WL 2559844, at *2 (W.D. La. June 28, 2011); *Miller v. Hypoguard USA, Inc.*, No. 05-cv-186, 2005 WL 2089212, at *3 (S.D. Ill. Aug. 25, 2005); *In re Microsoft Corp. Antitrust Litig.*, No. JFM-05-1277, 2005 WL 3636795, at *2 (D. Md. Dec. 29, 2005).

The plaintiff argues that the two Southern District cases are no longer good law because they were decided before the U.S. Supreme Court decision *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005). In *Allapattah*, the Supreme Court held that:

> where the other elements of jurisdiction are present and at least one *named* plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Id.* at 549 (emphasis added). The *Allapattah* decision found that § 1367 overruled the Supreme Court's earlier decision *Zahn v. International Paper Co.*, 414 U.S. 291 (1973), which held that in a class action suit any plaintiff that could not satisfy the jurisdictional amount must be dismissed. *Id.* at 555, 566. The language in *Allapattah* suggests that the amount in controversy requirement can only be fulfilled by a named plaintiff.[1]

I **FIND** that the amount in controversy requirement cannot be satisfied by proof that a potential unnamed class member would demand in excess of $75,000. In doing so, I recognize that an action can only be filed in or removed to federal court if it is one over which the federal court has original jurisdiction. Additionally, a federal court can obtain supplemental jurisdiction over claims that are related to the claims in "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). As the Ninth Circuit reasoned in *Gibson v. Chrysler Corp.*,

> "Original jurisdiction" in subsection (a) refers to jurisdiction established by looking for any claim in the complaint over which there is subject matter jurisdiction. But "original jurisdiction" does not refer to jurisdiction over claims not made-or not yet made-in the complaint. As also discussed above, a class

---

[1] A more difficult question, which is not before the court today, is whether the amount in controversy for an unnamed plaintiff can be considered for jurisdictional purposes in a suit that was certified as a class action prior to removal to federal court.

>action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23. There thus cannot be "original jurisdiction" within the meaning of subsection (a) over the claims of unnamed class members and there is therefore no supplemental jurisdiction either.

261 F.3d 927, 940 (9th Cir. 2001). The Ninth Circuit also noted the practical considerations supporting this result. Basing the jurisdictional determination of amount in controversy on unnamed class members could require discovery from these individuals. *Id.* at 941. More importantly, if the court denies certification or the unnamed class member who satisfied the amount in controversy opts out, the court would no longer have jurisdiction well into the litigation. *Id.* Several district courts have likewise found that the amount in controversy for an unnamed plaintiff in a potential class action cannot be used to confer jurisdiction on the federal court. *See, e.g.*, *Izumi v. Cox Commc'n Las Vegas, Inc.*, 2:11-cv-803, 2011 WL 5854618, at *2 (D. Nev. Nov. 21, 2011)*; Eufaula Drugs, Inc. v. Tmesys, Inc.*, 432 F. Supp. 2d 1240, 1245 (M.D. Ala. 2006); *Clean Air Council v. Dragon Int'l Grp.*, 1-cv-06-430, 2006 WL 2136246, at *5 (M.D. Pa. July 28, 2006).

At the time this case was removed from state court, the class action had not been certified. The unnamed class members remain potential plaintiffs, not yet parties to the action. *See Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting) ("Not even petitioner, however, is willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*.") (emphasis in the original). Currently, Med-Surg is the only plaintiff. Because the defendants cannot show by a preponderance of the evidence that the amount in controversy for Med-Surg's claims exceeds $75,000, the court does not have original jurisdiction over the action brought by Med-Surg.

Additionally, the court does not have supplemental jurisdiction over Med-Surg because the court does not have original jurisdiction over any party to the action since the unnamed class members are not currently parties. Accordingly, I **FIND** that this suit cannot be removed pursuant to 28 U.S.C. § 1441(b) and **GRANT** the plaintiff's Motion to Remand.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: December 19, 2011

_____
Joseph R. Goodwin, Chief Judge